NOURSE & BOWLES, LLP
Attorneys for Plaintiff
BBC CHARTERING & LOGISTIC
 GmbH & CO. KG
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BBC CHARTERING & LOGISTIC GmbH & CO. :
KG, :
 :
           Plaintiff, : 08 Civ.      (   )
 :
      - against - : **VERIFIED COMPLAINT**
 :
VINGO RESOURCES PTY LTD, :
 :
           Defendant. :
------------------------------------------------------------X

Plaintiff, BBC CHARTERING & LOGISTIC GmbH & Co. KG ("Plaintiff"), by its attorneys, Nourse & Bowles, LLP, complaining of the above-named defendant, VINGO RESOURCES PTY LTD ("Defendant"), alleges on information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction under 28 U.S.C. § 1333 and the admiralty and maritime jurisdiction of this Honorable Court.

2. At all material times, Plaintiff was and now is a corporation or other business entity organized and existing under the laws of Germany with an office and place of business at Leer, Germany.

3. At all material times, Defendant was and now is a corporation or other business entity organized and existing under the laws of Australia with a principal place of business at Suite 411, 370 St. Kilda Road, Melbourne, VIC, 3004, Australia and a registered office at Level 23, HWT Tower, 40 City Road, Southbank, VIC, 3006, Australia.

4. Pursuant to a contract of time charter party dated October 19, 2007 Plaintiff, as disponent owner, through its agent, Asia Chartering Pte Ltd, chartered the vessel M/V BBC AMAZON to Defendant, as voyage charterer, for the carriage of a cargo of sintered iron ore from Port Kembla, Australia, to a safe port in North China, intention Dalian. The charter provides for resolution of disputes between the parties by arbitration in London with English law to apply.

5. On or about November 15, 2007 Defendant caused a cargo to be loaded on board the said vessel under the aforesaid charter for carriage to Dalian, China. However, unknown to Plaintiff, the particular cargo loaded was not a safe cargo and was otherwise not as described by Defendant and, in fact, was a dangerous cargo and caused an explosion in the vessel's hatch covers at hold No. 1 causing damages to Plaintiff by Defendant in breach of the aforesaid charter and applicable law.

6. In particular, when the vessel arrived at Dalian, China, the authorities there refused to allow the cargo to be imported into China. This led to delays and eventually

required the vessel to discharge the cargo in Dalian for transshipment on another vessel to North Korea.

7. By reason of the foregoing, the vessel was detained at Dalian resulting in a claim by Plaintiff against Defendant for detention and/or demurrage charges in the amount of $665,166.60 and further freight in the amount of $44,450 for a total principal amount of $709,616.60.

8. Plaintiff reserves the right to amend this complaint as further damages become known.

9. Defendant has therefore breached its contract with Plaintiff and currently owes to Plaintiff the principal amount of $709,616.60 as best as can presently be calculated.

10. Costs, including solicitor's fees, arbitrators' fees and arbitration expenses are routinely awarded to the successful party in London arbitration and Plaintiff claims the total of $225,000 representing a reasonable estimate of these to present and determine Plaintiff's claim, including possible appeals, in London.

11. Compound interest is also routinely awarded to the prevailing party in London on the principal amount of Plaintiff's claims and Plaintiff claims compound interest at the rate of 6% calculated at four month intervals for a period of 3 years, or the sum of $138,813.18, the said period of time being a reasonable estimate for resolution of the claim in London including possible appeals.

12. By reason of the foregoing premises, Defendant owes Plaintiff the sum of $1,073,429.78, including interest and costs, as best as can presently be calculated.

13. Defendant cannot be found within the district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire or credits including but not limited to electronic fund transfers in the hands of garnishees in this District.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property owing or otherwise the property of the Defendant up to the amount of $1,073,429.78 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Complaint.

      C.    That such property attached pursuant the Process of Maritime Attachment and Garnishment remain sequestered to serve as security for the payment of Plaintiff's claims; and

      D.    That, following the attachment of sufficient funds to secure Plaintiff as prayed herein, that action be stayed pending resolution of the merits of the claim in London arbitration in accordance with the governing contract.

      E.    That Plaintiff have such other, further and different relief as may be just and proper.

Dated: New York, New York
        January 10, 2008

                NOURSE & BOWLES, LLP
                Attorneys for Plaintiff
                BBC CHARTERING & LOGISTIC
                  GmbH & CO. KG,

By: _____
      Armand M. Paré, Jr. (AP-8575)
      One Exchange Plaza, At 55 Broadway
      New York, NY  10006-3030
      (212) 952-6200

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NEW YORK       )

ARMAND M. PARÉ, JR., being duly sworn, deposes and says:

I am a member of the firm of Nourse & Bowles, LLP, attorneys for plaintiff herein and I have read the foregoing Verified Complaint and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the plaintiff.

This verification is made by me because plaintiff is a foreign corporation.

Sworn to before me this
10th day of January, 2008

_Karlene S. Jackson_
Notary Public

Karlene S. Jackson, Notary Public
State of New York, #01JA5063169
Qual. In Queens Cty; New York Cty
Commission Expires November 17, 2009